## CALVIN D. CALDWELL

*v.*

## CITY OF ALTON.

1. MARKET — *what it is.* A market is a franchise or liberty derived in England from the crown, or, in some cases, held by prescription which presupposes a grant, and may be granted to a public body or to a private person. It is a designated place in a town or city to which all persons can repair, who wish to buy or sell articles there exposed for sale.

2. CORPORATIONS — *extent of their powers — how ascertained.* A corporation, public or private, possesses, and can exercise no other powers than those specifically conferred by the act creating it, or such as are incidental or necessary to carry into effect the purpose for which it was created.

3. MARKETS — *of the power to regulate.* The power, therefore, conferred upon the common council of a city, to establish and regulate markets, includes the power to purchase the site, and to erect thereon the necessary buildings and stalls; and when provided, to adopt such rules in regard to it, and to the business to be there transacted, as may be deemed reasonable and just. Such regulations as may be adopted in regard to them should have reference to the preservation of peace and good order, and the health of the city; they should be of a police and sanitary character, and an attempt by color of regulations to restrain trade, is an abuse of the power.

4. And where the limits of a market are defined, and embrace but a portion of the city in which it is established, the regulations prescribed for it, can only operate within those limits. They cannot, under this power, be made to extend throughout the city, but must be confined within the market limits.

5. When a market is established, under such a power, and its limits defined, it might be admitted, the power of the council over it to prescribe regulations to operate within those limits, is plenary; but under such a power, the regulations cannot be made to embrace the whole city.

6. HAWKERS AND PEDDLERS — *of the power to restrain them — from what class of powers derived.* The power to restrain hawkers and peddlers from using the streets of a city, for purposes of traffic, has nothing to do with the power to regulate a market occupying but a small portion of the city. That may be arranged under the power to prevent nuisances.

7. RESTRAINT OF TRADE — *regulation of markets.* A city ordinance cannot restrain a merchant or dealer in family groceries from selling vegetables at his place of business, outside of the market limits, during any portion of the day, under the pretext of regulating markets. Such a regulation would be in restraint of trade, unreasonable and unjust.

APPEAL from the City Court of Alton.

This was a prosecution against Calvin D. Caldwell, in the court below, for selling vegetables at his regular place of business in the city of Alton, outside of the market limits, during market hours, in violation of an ordinance "to establish and regulate markets," &c.

The court below found for the city, and thereupon the defendant sued out this writ of error.

The question presented upon the record is, whether the power conferred upon the common council to establish and regulate markets, authorized them to restrain the defendant in carrying on his regular business outside of the market limits during market hours.

All the facts necessary to an understanding of the case appear in the opinion of the court.

Mr. J. H. YAGER, for the plaintiff in error.

The common council of the city of Alton, under the provision of the charter to *establish and regulate markets*, has not the power to pass the ordinance prohibiting the sale of vegetables outside of the market limits. A corporation possesses no other powers than such as are specifically expressed in its charter. Ang. & Ames on Corp. 111, 325; *Shelton* v. *The Mayor of Mobile*, 30 Ala. 540.

The ordinance prohibiting the sale of vegetables is in restraint of trade and void. Ib. 335, 342.

The ordinance is unreasonable, vexatious and oppressive. Id. 347.

Mr. A. H. GAMBRILL, for the defendant in error.

1. The common council of the city of Alton had the right and power under its charter to pass the " ordinance to establish and regulate markets " in the city of Alton. § 9 of law 1837.

2. Said ordinance is not in restraint of trade, but a reasonable and proper one, merely regulating trade.

3. The plaintiff in error having violated the provisions of said ordinance by selling vegetables outside of the limits of the mar-

ket during market hours, is amenable to the penalty imposed. *Pierce* v. *Bertram,* 1 Cowp. 269; *Bush et al.* v. *Seabury,* 8 Johns. 418; *Village of Buffalo* v. *Webster,* 10 Wend. 100; Cowp. Dig. vol. 2, p. 268, title By-law, note *h.*

Mr. JUSTICE BREESE delivered the opinion of the Court:

This case comes before this court on the following agreed state of facts: That the charter of the city of Alton provides that its common council shall have the power to establish and regulate markets; that the council did, in pursuance of this provision, pass an ordinance prohibiting, during market hours, the sale of vegetables outside of the limits of the market; that the plaintiff in error sold vegetables at his store and regular place of business during market hours, the store being beyond and outside the limits of the market; that the plaintiff in error was, at the time of so selling, a regular merchant or dealer in family groceries in the city of Alton, and that the vegetables were sold at his store; and it was further agreed that such sale was contrary to the provisions of the ordinance.

On these facts the court below found for the city, and the record is brought here, where it is insisted by the plaintiff in error that the common council has not the power, under the city charter, to pass the ordinance in question, and that the same is in restraint of trade, and void.

The city contends that the ordinance is not in restraint of trade, but is reasonable and proper, as being in regulation of trade, and that the council had ample power to pass it.

It is a principle, everywhere recognized, that a corporation, public or private, possesses and can exercise no other powers than those specifically conferred by the act creating it, or such as are incidental or necessary to carry into effect the purposes for which it was created. *Trustees* v. *McConnel,* 12 Ill. 140; 2 Kent Com. 298; *McIntire* v. *Preston,* 5 Gilm. 60; *Firemen's Ins. Co.* v. *Ely,* 2 Cow. 709; Ang. & A. on Corp. 85.

The power, therefore, to establish and regulate markets, includes the power to purchase the site and the erection of the necessary buildings and stalls upon it, and, when provided, to

adopt such rules in regard to it, and to the business to be there transacted, as may be deemed reasonable and just.

A market, says Blackstone (2 Com. 37), is a franchise or liberty derived from the crown, or in some cases held by prescription, which presupposes a grant, and may be granted to a public body or to a private person.

It is a designated place in a town or city to which all persons can repair who wish to buy or sell articles there exposed for sale, and in some cities they are known by the articles there exposed to sale. They have been found to be a public convenience when properly regulated. Such regulations as the city authorities may adopt in regard to them should have, and generally have, reference to the preservation of peace and good order and the health of the city. They should be of a police and sanitary character, and an attempt, by color of regulations, to restrain trade, is an abuse of the power. As the limits of this market are specially defined in the ordinance, and embrace but a portion of the city, the regulations prescribed for it can only operate within those limits. They could not, under this power, be made to extend throughout the city, but must be confined within the market limits. The facts in this case show that the plaintiff was a regular merchant, doing business in the city outside of the market limits; consequently this regulation could not affect him.

When a market is established under such a power, and its limits defined, it might be admitted the power of the council over it to prescribe regulations to operate within those limits was plenary, but under such a power the regulations could not be made to embrace the whole city.

The power to restrain hawkers and peddlers from using the streets of a city for purposes of traffic has nothing to do with the power to regulate a market occupying but a small portion of the city. That may be arranged under the power to prevent nuisances.

If the city can, by ordinance, restrain a merchant from selling his goods outside of the market limits during a portion of each day, it might, with the same propriety, require all flour to be sold on a particular lot, all high wines on another, and vegetables

and grain on another. No one will deny such regulations would be in restraint of trade, and therefore void.

The argument of the defendant in error, that the health of the city might be prejudiced by keeping on hand for sale decaying vegetables, is met by the consideration that the city council have abundant power, by section nine of the charter, to provide by ordinance against this.

We have examined the cases referred to by the counsel for the city, and cannot perceive that any one of them has a direct bearing on, or application to this case.

The case in 33 Penn. 202, was an application for an injunction to prevent the city authorities from demolishing the public market houses on High street, and building others by which a large debt would be entailed on the city. The court decided it was competent for the legislature to bestow upon the authorities of the city this power, and in the opinion, Chief Justice BLACK, by whom it was delivered, takes occasion to descant on the necessity and convenience of markets, without, however, expressing any opinion how far the power to regulate them extended. The point before us was not in this case. The case in 7 Iowa, 104, is like this, with this difference: there, the public market was not confined to a specified district, as here. The court was not unanimous, and the majority base the opinion on *Black et al.* v. *Seabury,* 8 Johns. 418, and *Village of Buffalo* v. *Webster,* 10 Wend. 100.

The case in 8 Johns. was a case of hawking — peddling meat out of a wagon — and the ordinance under which the defendant was convicted expressly prohibited hawking about any kind of beef, pork, &c., but the person wishing to sell the same was required to repair to the public market house, and there expose the same for sale. The act of the legislature in this case provided that the trustees of the village might establish such rules and regulations as they might from time to time deem proper, and such in particular as are "relative to public markets" within the said village, and relative to stands.

The case in 10 Wend. 100, was also a case of "hawking about meats within the bounds of the corporation."

The case in 11 Rich. 551, merely decides that an ordinance prohibiting the sale of butcher's meat within the corporate limits of a town, except at the public market, is not in restraint, but in regulation of trade.

The case in 30 Ala. 540, decides that an ordinance prohibiting "all hawking and peddling about the streets of the city, of meat, game, poultry, vegetables, or any other article or commodity usually sold or vended in the market," is not unreasonable, unconstitutional, or against common right.

If we were disposed to accord in the conclusion to which the court arrived in this case, it is not the case before us. The defendant, in the case we are considering, was a regular merchant and trader in the city of Alton, the sale of vegetables being a part of his calling. He did not do business within the limits of the market, but outside thereof, and, it seems to us, was protected by the general laws of the State in the unmolested pursuit of that business, and we think the power does not exist in the city council to restrain him in his lawful trade under the pretext of regulating a market, within the bounds of which he did not transact his business. Such a regulation is in restraint of trade, unreasonable and unjust.

For the reasons given, the judgment must be reversed.

*Judgment reversed.*