THE CITY OF BLOOMINGTON

*v.*

JACOB WAHL.

1. MUNICIPAL CORPORATIONS—*special powers—to regulate and establish market houses.* Under the authority conferred upon municipal corporations to erect, establish and regulate markets, and market places, whenever the power is exercised, it must be reasonable and uniform in its operation, and be calculated to promote the general welfare of the inhabitants, and must not create monopolies, nor restrain trade.

2. SAME—*what deemed an unreasonable exercise of power under such authority.* The charter of the city of Bloomington empowered the Common Council " to erect market houses, establish markets and market places, and provide for the government and regulation thereof," under which an ordinance was passed, designating two certain lots, and the ground floor of the building thereon, as a market place, and prohibited any, and all persons, at all hours of the day, from keeping a private market, outside of the designated market place, for the sale of fresh meats in any quantity, excepting a few certain kinds, under a penalty of $20.00 for each offense. *Held,* that the ordinance was unreasonable; that it was in restraint of trade, and tended to create a monopoly.

3. SAME—*what would have been reasonable.* Had the ordinance fixed a reasonable number of hours of each day within which such article should be sold in the market limits,.and under the regulations thereof, and left all others outside of these limits free to sell the same in the due course of trade, it might then be unobjectionable.

4. SAME—*power to impose a license.* And in such case, when authority of this nature is conferred, the corporation possesses the power to impose a reasonable license for the privileges granted.

APPEAL from the Circuit Court of McLean county; the Hon. JOHN M. SCOTT, Judge, presiding.

The opinion states the case.

Messrs. WILLIAMS & BURR, for the appellant.

Messrs. TIPTON, BENJAMIN & ROWELL, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action brought by the city of Bloomington, before the police magistrate of the city, against Jacob Wahl, for a violation of an ordinance of the city. On a trial before the police magistrate, defendant was found guilty and fined. The case was removed to the Circuit Court of McLean county, and a trial was had by the court, by consent, without a jury, when the issues were found and a judgment rendered *pro forma,* for the defendant. The case is brought to this court by appeal, and the finding the issues and rendering a judgment in favor of defendant, is assigned for error.

The first section of the ordinance, upon which this proceeding is based, declares, "That lots seven and ten, in block thirty-six, in K. H. Fell's addition to the town (now city) of Bloomington, and the ground floor of the building erected thereon, and the space adjoining said lots, tending to the center of North and Center streets, shall be known and

designated as the Bloomington City Market." Section twenty-two declares that, "No person shall, outside of said market, keep a private market for the sale of fresh meats, except as hereinafter provided, under a penalty of not less than twenty dollars for each offense. *Provided,* this section shall not prevent any person from selling, anywhere, at any time, fresh venison, poultry, fish or wild game, when not otherwise prohibited, nor shall it be construed to prevent any farmer or producer from selling his meat anywhere in the city, at any time, in any quantities, not less than one quarter ; nor shall it be construed to prevent any trader from selling, any where in the city, at any time, dried or smoked beef, bacon, shoulders hams or sides."

It appears from the evidence that appellee sold fresh meat at his store, or private market, and regular place of business, on the 21st day of January, 1868 ; that his store is within the corporate limits of the city, and one half mile from the market house ; that appellee was at the time a regular merchant or dealer in meat, in the city, and the meat in question was sold in the regular course of his business ; that his store was built by him for a meat market, and has been so used by him for the last four years; that the city market house was opened as such on the 20th day of January, 1868, and the ordinance went into effect on that day.

The authority to adopt this ordinance is claimed under this provision of the city charter, which declares the city council shall have power by ordinance "to erect market houses, establish markets and market places, and provide for the government and regulation thereof." We are referred to the case of *Caldwell* v. *The City of Alton,* 33 Ill., 416, as conclusive of this case. It will be observed, however, that the two cases are not similar in their facts. In that case, the ordinance had designated a certain portion of the city as market limits, and prohibited all persons from selling specified articles during market hours, even beyond those limits, while in this case all

persons are prohibited from selling fresh meats at any place within the city, except upon the two lots and adjoining streets, at all times and in all other places. In that case it was held, that the ordinance was unreasonable and void, in so far, as it prohibited the sale of vegetables beyond the market limits. But the question as to how far those limits might be extended as tending to create a monopoly, was not before the court and was not considered.

A few plain principles, which are firmly established, and fully recognized by our courts, lie at the foundation of the exercise of this power. The ordinance must be reasonable, uniform in application throughout the limits in which it has operation; it must not be in restraint of trade; it must not create oppressive monopolies, but must be calculated to advance the general welfare of the inhabitants of the municipality. But while these rules are simple and uniformly recognized, many cases arise in which difficulty is encountered in their application to the facts of the particular case. It is not unfrequently the case, that it is perplexing to determine the precise limit of municipal power. What is reasonable, is uniform, does not restrain trade or create a monopoly, frequently presents questions that do not admit of a ready solution. In Great Britain, whence we draw our theory of the common law, large powers were not unfrequently exercised by those bodies, under their charters. But these rules were ever regarded as fundamental in their government.

In the case of *The City of Chicago* v. *Rumpff*, 45 Ill., 90, the question was before the court whether the city had the power to confine all of the slaughtering of animals within its limits, to a particular lot; when it was held, that such an ordinance created a monopoly and could not be sustained; that it gave to the owner of the particular place unreasonable privileges, that were oppressive to the remainder of the inhabitants; that it was in restraint of a legitimate

occupation, and violated the principles to which the ordinances of those bodies must conform.

That the city may, under their charter, erect one or more market houses, and pass all of the necessary by-laws for the regulation of the inspection, weighing and selling articles therein, none will contest. And that they may designate reasonable boundaries, and prohibit the sale of the various articles usually exposed to sale in market, within market hours, would seem to be equally clear. But to do so, there should be regular and reasonable hours designated, within which all such articles offered in those limits would be required to be sold in market and governed by those by-laws. But to require all such articles, at all hours, when offered for sale, to be brought to and offered at the one place, within the city, and there sold, and to prohibit the sale of such articles, in any quantity, and during all periods of time, outside of the two lots designated, and the adjoining streets, would seem to be manifestly in restraint of trade, and to create a monopoly highly oppressive to the people. It would give the entire right to sell such articles to a few, in exclusion of all others. In so large a population as the growing city of Bloomington now possesses, and which is increasing with such rapidity, it would tend to greatly enhance the price of articles of food, and would tend to the loss of time, to compel all of the inhabitants to resort to one place to procure their daily supply.

If all fresh meats may be thus controlled in their sale, all kinds of meats, breadstuffs, vegetables and fruits may be brought under the same restrictions. If this may be done, the business in this department would fall into the hands of the few, and all competition would be destroyed, and the people oppressed. We cannot see that this ordinance is reasonable.

Had it fixed a reasonable number of hours of each day, within which such articles should be sold in the market limits, and under the regulations for their sale, then it might be that

it would have been unobjectionable, had it left all others out-side of these limits free to sell those articles in the due course of trade. If the charter confers the power, the city could impose a reasonable license for the privilege, as in the pursuit of other kinds of business.

It is urged that, unless sold in market, fresh meats are lia-ble to create a nuisance, that would become offensive to the inhabitants. The city, doubtless, has ample power to suppress nuisances within its limits, and it therefore follows that it is not necessary to compel its sale in market for the avoidance of that inconvenience. We are of the opinion that this ordi-nance is not reasonable and cannot therefore be sustained, and the judgment of the court below is affirmed.

*Judgment affirmed.*