THE BLOOMINGTON CEMETERY ASSOCIATION

*v.*

THE PEOPLE *ex rel.* W. J. Baldridge, County Collector.

*Opinion filed December 22, 1897.*

1. TAXES—*laws exempting property from taxation will be strictly construed.* Laws exempting property from taxation will be strictly construed, and all reasonable intendments will be indulged in favor of the State.

2. SAME—*lot adjoining cemetery grounds used as residence for custodian is not exempt from taxation.* A separate lot adjoining a cemetery, purchased, held and used, not for burial purposes, but for an office and residence of the custodian of the grounds, and upon which is a well to supply water for use in the grounds, does not come within the constitutional or statutory provisions exempting cemetery grounds from taxation.

APPEAL from the County Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding.

OWEN T. REEVES, for appellant.

ROWELL, NEVILLE & LINDLEY, (R. L. FLEMING, of counsel,) for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

The only question presented by this record is, whether or not lot 5, in block 13, of John Niccolls & Co.'s addition to Bloomington, owned by appellant and enclosed with its cemetery grounds, is subject to taxation. The association was incorporated by a special act February 16, 1857, with capital stock of $10,000, divided into shares of $1000 each, which might be paid for in real estate. The charter provided that "the object of said association shall be, exclusively and solely, to lay out and enclose and ornament a plat or piece of ground, not to exceed one hundred acres, as aforesaid, to be used as a burial place, to which, if thought best, may be added a floral garden by said association; and said piece of ground so held and

platted shall be exempt from taxation and execution."
It was also provided that one-fourth of all the proceeds
of sales of burial lots should be expended in improving
and ornamenting the grounds and the balance paid to
the stockholders. It appears that in 1857 the association
bought a tract of land containing 33.14 acres, and also
said lot 5, which lot adjoined said tract on the west, and
was purchased to connect said tract with a public street,
and was used at first, in part, as an entrance, but later
another street was laid out and the association built a
dwelling house and dug a well on this lot. The custodian
employed by the association lived in this house, part of
the time keeping house and part of the time boarding
with a family living there under arrangements made with
him. One room was reserved and used as an office by the
association, and the well was used to provide water for
the cemetery grounds. This lot had not been, nor was
it designed to be, platted or used for burial purposes.
The county court overruled the objections of the associa-
tion, and rendered judgment against the lot for the tax
assessed against it.

Laws exempting property from taxation will be
strictly construed, and all reasonable intendments will be
indulged in favor of the State, and unless it clearly ap-
pears that the property is exempt, it must, like other
property, be held subject to taxation. *In the matter of
Swigert,* 119 Ill. 83; *Montgomery* v. *Wyman,* 130 id. 17; *Rose-
hill Cemetery Co.* v. *Kern,* 147 id. 483; *People ex rel.* v. *City of
Chicago,* 124 id. 636.

It will be noticed that the sole and exclusive object of
the association was to lay out, enclose and ornament a
plat or piece of ground to be used as a burial place, and
the exemption is in these words: "Said piece of ground so
held and platted shall be exempt from taxation and exe-
cution." It would require a construction more liberal than
is applied to statutes exempting property from taxation,
to bring within this exemption clause a separate adjoin-

ing lot, purchased, held and used, not for burial purposes, but for an office and dwelling of the custodian of the grounds and for a supply of water. If a strict construction were once departed from, it would not be difficult in many cases to prove that property of great value, not strictly within the terms of the exemption, is yet within its spirit, by showing that it is in the highest degree useful for the purpose to which the exempted property is devoted. Section 3 of article 9 of the constitution of 1870 provides that such property as may be used exclusively for cemetery purposes may be exempted from taxation by general law, and the general law on the subject is that "all lands used as grave-yards or grounds for burying the dead" shall so be exempt. 2 Starr & Curtis' Stat. chap. 120, sec. 2.

Applying the rule of strict construction in favor of the State, we find nothing in this statute, nor in the charter of the association, which can be held to extend the exemption to the lot in question.

The judgment of the county court must be affirmed.

*Judgment affirmed.*