## THE SANITARY DISTRICT OF CHICAGO

*v.*

### JAMES W. MARTIN, County Treasurer.

*Opinion filed April 21, 1898—Rehearing denied June 9, 1898.*

1. TAXES—*in construing statutes exempting property from taxation all reasonable intendments are indulged in favor of the State.* Property will not be held to be exempt from taxation unless it clearly appears to have been included in the exemptions provided by law, and in construing exemption statutes all reasonable intendments will be indulged in favor of the State.

2. SAME—*strict rule of construction of tax exemption statutes applies to municipal corporations.* The rule requiring strict construction of statutes exempting from taxation property belonging to private corporations or individuals applies also to municipal corporations.

3. SAME—*mere fact of municipal ownership of property does not exempt it from taxation.* The mere municipal ownership of property is not sufficient to exempt it from taxation, the fact of its exemption depending upon whether it comes within the provisions of the statute enacted for that purpose, in conformity to the constitution.

4. SAME—*it is the policy of Illinois to restrict tax exemptions.* It is the public policy of the State of Illinois to restrict, rather than extend, exemptions from taxation, "so that every person and corporation shall pay a tax in proportion to the value of his, her or its property," as required by the constitution.

5. SAME—*construction of words "public grounds," used in section 2 of Revenue act.* The words "public grounds," used in clause 9 of section 2 of the Revenue act, (Rev. Stat. 1874, p. 857,) by which such grounds are exempted from taxation, refer solely to grounds which are open for the designated use of the general public.

6. SAME—*lands belonging to the Sanitary District of Chicago are not "public grounds."* Lands belonging to the Sanitary District of Chicago are not such "public grounds," within the meaning of clause 9 of section 2 of the Revenue act, as are entitled to exemption from taxation.

7. SAME—*lands of Sanitary District are not exempt from taxation as State property.* Lands belonging to the Sanitary District of Chicago are not exempt from taxation under clause 5 of section 2 of the Revenue act, which provides for the exemption of "all property of every kind belonging to the State of Illinois," as the district is not such an agency of the State that its property may be regarded as State property.

APPEAL from the Circuit Court of Will county; the Hon. DORRANCE DIBELL, Judge, presiding.

F. W. C. HAYES, and HALEY & O'DONNELL, for appellant:

The constitution of the State of Illinois is not a grant of power to the legislature, but is a limitation upon its powers. *Wilson* v. *Sanitary District,* 133 Ill. 443.

A municipal corporation is an agent of the State. The State itself is a sovereignty, and has all the benefits, rights and immunities of a sovereignty. *Strauss* v. *Conn,* 1 Duv. 149; *State* v. *Crutcher,* 2 Swan, 504; *Piper* v. *Richardson,* 9 Metc. 155; *Soady* v. *Wilson,* 3 A. & E. 240.

Municipal lands, although without the city boundaries, are not liable to taxation. 12 A. & E. 2; *Regina* v. *Oldham,* L. R. 3 Q. B. 474.

Land used as a common is not taxable. *St. Louis* v. *Gorman,* 29 Mo. 593; *Lincoln* v. *Holmes,* C. L. 2 Q. B. 482.

Independently of any statutory or constitutional provision the property of a sovereign is exempt from taxation. *Dixon* v. *Porter,* 23 Miss. 846; *Gen.* v. *Donaldson,* 10 M. & W. 117; *Plumstead Board* v. *Land Co.* L. R. 10 Q. B. 203; *State* v. *Hudson,* 5 Vroom, 25; *Ellsworth* v. *Grand Rapids,* 27 Mich. 250.

A municipal corporation is not included in the general words of the statute unless specially named. 1 Blackstone's Com. 262; 1 Bishop on Crim. Law, 86; 3 Bacon's Abr. 407; *Commonwealth* v. *Johnson,* 6 Barr, 136; *Bagley* v. *Wallace,* 16 S. & R. 245; *Commonwealth* v. *Baldwin,* 1 Watts, 54; *Williams* v. *Controllers,* 6 Harr. 275; *Northern Liberties* v. *St. John's Church,* 1 id. 107.

GARNSEY & KNOX, for appellee:

The power exists in the legislature to subject the property of municipal corporations to taxation. *People* v. *Chicago*, 124 Ill. 640; *In re Swigert*, 123 id. 267; *Montgomery* v. *Wyman*, 130 id. 24; *Cook County* v. *Chicago*, 103 id. 646; *In re Swigert*, 119 id. 88; *People* v. *Anderson*, 117 id. 54.

Statutes exempting property from taxation are to be strictly construed. They are not to be extended by implication, and every presumption is against exemption. *In re Swigert*, 119 Ill. 83; *Pavey* v. *Ryan*, 138 id. 263; *Adams County* v. *Quincy*, 130 id. 566; *People* v. *Railroad Co.* 138 id. 85; *Montgomery* v. *Wyman*, 130 id. 17; *Rose Hill Cemetery* v. *Kern*, 147 id. 483; *People* v. *Watseka Ass.* 160 id. 576; *People* v. *Library Ass.* 157 id. 369; *People* v. *Y. M. C. A.* 157 id. 403.

In construing statutes where the doctrine of a strict construction prevails, general words following the specific enumeration of objects or things will be held to include only such things or objects as are of the same kind as those specifically enumerated. *In re Swigert*, 119 Ill. 88.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal from a decree of the circuit court of Will county, holding that the lands of appellant within said county were subject to general taxation. Part of these lands, namely, 785.18 acres, lie in DuPage township, and were assessed the sum of $260.07 for State, county, city, town and village taxes for the year 1894; and the rest of the lands, namely, 508.59 acres, lie in Lockport township, and the general taxes on the same for the year 1894 were assessed at $132.83. Appellant refused to pay these taxes, and they were returned by appellee as delinquent, and he advertised the lands for sale to pay such taxes, interest and penalties. Appellant filed its bill in the circuit court of Will county to enjoin the appellee from attempting to collect said tax and from offering these lands for sale to pay the same, claiming that said lands were exempt from general taxa-

tion. On the hearing the court entered a decree finding, among other things, that the lands were not subject to sale for unpaid taxes, but that they were subject to taxation and to judgment for unpaid taxes, and the temporary injunction restraining the collector from selling the same was made perpetual, but the decree permitted him to pursue any proper remedy for the collection of said taxes other than by selling the lands. The sanitary district has appealed from so much of this decree as finds these lands are not exempt but are subject to taxation, and contends here that the decree in this respect is erroneous.

Whether these lands are exempt or not from general taxation is the only question in the case. Appellant insists that the property of a municipal corporation is exempt from taxation, and that only where it is clear that the legislature intended to subject it to taxation can it be taxed for general State and municipal purposes; that appellant is a municipal corporation, and that the lands owned by it at the time of the filing of this bill were exempt from taxation, as being "public grounds used exclusively for public purposes." Appellee contends that the property of municipal corporations such as this one has not been exempted from taxation by the legislature; that these lands are the exclusive property and under the exclusive control of appellant, and are not "public grounds used exclusively for public purposes," within the meaning of that term as used in the statute; that such "public grounds" must be those to which the public have a right to resort and which they have a right to use; that the lands here in question are without the corporate limits of appellant, and if this claim of exemption be allowed it will result in withdrawing these lands from taxation by the authorities of Will county, for the sole benefit of a municipal corporation lying wholly in another county.

The act of May 29, 1889, under which appellant is organized, was made the subject of elaborate opinions by this court in *Wilson* v. *Sanitary District,* 133 Ill. 443, and in

*People* v. *Nelson,* id. 565, and appellant was held to· be a municipal corporation.

It is provided by section 1 of article 9 of the constitution of this State, that "the General Assembly shall provide such' revenue as may be needful, by levying a tax by valuation, so that every person and corporation shall pay a tax in proportion to the value of his, her or its property;" and in section 3, that "the property of the State, counties and other municipal corporations, both real and personal, ⁑ ⁑ ⁑ may be exempted from taxation, but such exemption shall be only by general law." In the exercise of the power thus conferred upon it to make certain exemptions from taxation, the legislature has, by section 2 of the Revenue act, specified in ten paragraphs the property that shall be exempt. The language of that portion of section 2 that is applicable here is as follows: "All property described in this section, to the extent herein limited, shall be exempt from taxation, that is to say— ⁑ ⁑ ⁑ *Fifth*—All property of every kind belonging to the State of Illinois. ⁑ ⁑ ⁑ *Ninth*— All market houses, public squares or other public grounds used exclusively for public purposes; all works, machinery and fixtures belonging exclusively to any town, village or city, and used exclusively for conveying water to such town, village or city."

It was said in an early case in this State, that the assessment of public taxes upon the public property of the State, county or municipal corporations was a mere question of policy, and that the power existed to make it bear its share. (*Higgins* v. *City of Chicago,* 18 Ill. 276.) Whatever may be the law in other States, the language of the constitution of this State plainly implies that the property of municipal corporations is subject to taxation unless there is a law exempting it. (*Cook County* v. *City of Chicago,* 103 Ill. 646.) The language employed in section 2 of the Revenue act shows that it was not the legislative intent to exempt all property, of every kind and char-

acter, belonging to municipal corporations. (*In the matter of Swigert*, 123 Ill. 267.) It was also said in the latter case, which involved the claim of an exemption from taxation by the local authorities of a bridge belonging to the city of Moline and lying without the corporate limits of the city, that "exemptions from the burdens of taxation are to be construed strictly, and cannot be made, by judicial construction, to embrace other subjects than those plainly expressed in the act,"—citing *People* v. *Seaman's Friend Society*, 87 Ill. 246. Substantially the same language was used in *People* v. *City of Chicago*, 124 Ill. 636, which was a claim of an exemption from taxation of a farm belonging to the city, lying outside of the corporate limits of the same, not actually used for public purposes, —citing *In the matter of Swigert*, 119 Ill. 83. See, also, *City of Chicago* v. *People ex rel.* 80 Ill. 384, and cases cited.

It will thus be seen that the same rule requiring a strict construction of statutes exempting property from taxation belonging to private persons or corporations has been applied to municipal corporations also. Nor is this view in conflict with what was decided in *People* v. *Salomon*, 51 Ill. 37, *McCormick* v. *South Park Comrs.* 150 id. 516, and other cases cited, decided by this court. It has never been held by this court, under the constitution and statutes now in force, that the mere ownership of property by a municipal corporation is sufficient to exempt it from taxation, but its exemption must depend on the fact that it is included within the provisions of the statute enacted for the purpose in conformity to the constitution. It has been, and is, the public policy of this State, as shown by the provisions of the constitution and the acts of the General Assembly, to restrict rather than to extend exemptions from taxation, "so that every person and corporation shall pay a tax in proportion to the value of his, her or its property." And this is eminently wise and just, for all property withdrawn from taxation increases the burdens upon what remains. It has long

been the rule of this court that no property will be held exempt from its share of the common burden unless it clearly appears to have been included in the exemptions provided for by law, and all reasonable intendments will be indulged in favor of the State.    (*Bloomington Cemetery Ass.* v. *People*, 170 Ill. 377.)

It is virtually conceded by counsel that the claim of exemption from taxation rests wholly on the ninth paragraph of section 2 of the Revenue act.    Some claim of · exemption is made by appellant under the fifth paragraph, of which we shall speak later; but the main contention is that the exemption exists under the ninth. That part of the ninth paragraph here applicable exempts "all market houses, public squares or other public grounds used exclusively for public purposes."    Are these lands, belonging to the Sanitary District of Chicago, "public grounds," and are they "used exclusively for public purposes?"

It is contended that the words "public grounds" must be interpreted according to the general rule that general words following the specific enumeration of objects or things will be held to include only such objects or things as are of the same kind as those specifically enumerated. Market houses and public squares are the only objects enumerated.    It has been said that a public market is a designated place in a town or city to which all persons can repair who wish to buy or sell articles there exposed for sale, (*Caldwell* v. *City of Alton*, 33 Ill. 416,) and that a public square is intended for beauty and adornment and for the health and recreation of the public.    (*City of Jacksonville* v. *Jacksonville Railway Co.* 67 Ill. 540.)  Both public markets and public squares are for the use of the public, —of all persons who, in the pursuit of business or pleasure, may have occasion to resort thereto, subject, of course, to whatever municipal regulations may be in force regulating the use of the same.    They are in this respect similar in their use to streets and alleys.    The "public

grounds" exempt from taxation referred to in this paragraph would, therefore, under this rule of construction be construed to be grounds which are open for the designated use to the public generally, and this view would seem to be emphasized by the qualifying clause, "used exclusively for public purposes."

It can hardly be said that the lands of the appellant are open to the use of the public generally for drainage purposes. The court below has found that these "lands were all necessary for the purpose of constructing the channel for the said district, and its adjuncts thereto, for the purpose of drainage of said sanitary district in accordance with the provisions of the act of the legislature authorizing the creation of said district, and that said lands have been used and were acquired by said district exclusively for said purpose." The sanitary district embraces that portion of the city of Chicago north of Eighty-seventh street, except two small recent additions to the city, and almost forty-two square miles of Cook county west of Chicago, and is wholly confined within the limits of Cook county. These lands claimed to be exempt, instead of being used exclusively by the public,—that is, the general public,—are to be used as a channel to carry off and render innocuous the sewage of the district, principally of the great city of Chicago, so that the waters of Lake Michigan, from which its inhabitants obtain their water supply, may not be contaminated thereby. They are outside of the district and within the limits and jurisdiction of Will county. Section 7 of the act under which the district is organized provides: "The board of trustees of any sanitary district organized under this act shall have power to provide for the drainage of such district by laying out, establishing, constructing and maintaining one or more main channels, drains, ditches and outlets for carrying off and disposing of the drainage (including the sewage) of such district, together with such adjuncts and additions thereto as may be necessary or proper to cause

such channels or outlets to accomplish the end for which they are designed, in a satisfactory manner; also to make and establish docks adjacent to any navigable channel made under the provisions hereof for drainage purposes, and to lease, manage and control such docks, and also to control and dispose of any water-power which may be incidentally created in the construction and use of said channels or outlets, but in no case shall said board have any power to control water after it passes beyond its channel, water-ways, races or structures into a river or natural water-way or channel, or water-power, or docks situated on such river or natural water-way or channel: *Provided, however*, nothing in this act shall be construed to abridge or prevent the State from hereafter requiring a portion of the funds derived from such water-power, dockage or wharfage to be paid into the State treasury, to be used for State purposes.  Such channels or outlets may extend outside the territory included within such sanitary district, and the rights and powers of said board of trustees over the portion of such channel or outlet lying outside of such district shall be the same as those vested in said board over that portion of such channels or outlets within the said district."  Section 25 provides that "any district formed hereunder shall have the right to permit territory *lying outside its limits and within the same county* to drain into and use any channel or drain made by it,  *  *  *  and any district formed hereunder is hereby given full power and authority to contract for the right to use any drain or channel which may be made by any other sanitary district."  By section 24 such channel, when completed and the water turned therein to the amount of three hundred thousand cubic feet of water per minute, is declared a navigable stream.

We think it can hardly be said that these provisions give the public the right to use this channel, except that after its completion it is declared to become a navigable stream, which would give the public an easement of pas-

sage over the water in the same, but no right to use the same as a drain or a channel for sewage seems to have been given or reserved. The drain or channel to be constructed is intended, apparently, wholly and solely for the benefit of the inhabitants of the sanitary district, and not for the benefit of the public at large. The district is authorized to make and establish docks, and to dispose by lease of any water-power, for its own benefit, that may be created in the construction and use of the channel. In this way it is quite possible that the district may derive a large revenue from the use of the channel.

It seems to us that it is plain, from all the foregoing provisions, that the public outside of the limits of the district have no interest in the same, and that these lands in Will county are not "public grounds" in the sense those words were used by the legislature, nor are they to be "used exclusively for public purposes." The property claimed to be exempt must be owned and used in the manner specified in the law. *In the matter of Swigert*, 123 Ill. 267, and cases there cited.

But it is said by counsel for appellant that this corporation is but an arm of the government of the State; that its property is in the nature of State property, and is therefore exempt under the fifth paragraph of section 2 of the Revenue act. We cannot agree with this contention. The property acquired by the district is the property of the district, and not of the State, and the fact that the State might have constructed this drain itself in nowise makes its property that of the State, nor exempts it from taxation unless clearly within one of the provisions of the statute.

Finding no error the decree of the circuit court is affirmed.                    *Decree affirmed.*