HARVEY T. PACE, Plaintiff in Error, *v.* COUNTY COMMISSIONERS OF JEFFERSON COUNTY, Defendants in Error.

### ERROR TO JEFFERSON.

In order to exempt a building erected for a school-house from taxation, under the revenue law of 1853, it should be held by the school directors, under such title as will give them the right to possess and control it at all times for the use of the district.

THE facts of this case are fully stated in the opinion of the court.

NELSON & JOHNSON, for Plaintiff in Error.

TANNER & CASEY, for the County.

WALKER, J. From the record in this case, it appears that the plaintiff was the owner of a school-house, built on his land, with his own means, in the town of Mt. Vernon. That the same was listed for taxation for the taxes of the year 1856, by the assessor, without the same having been returned by the plaintiff, and that he was the owner of the property when it was listed, and so continues. That plaintiff built the house for a female school, and it is well adapted to the purpose; that a school was kept in it the two first years after its erection, by a female teacher who was regularly examined by the board of school directors of the district, who granted her a certificate of qualification as a teacher, as required by law; and that she also obtained a certificate of good moral character in due form; that she was employed to teach the school by plaintiff, who received the tuition bills and public school funds; that the school was under the superintendence and control of the school directors of the district, and regular schedules of the school were kept. That plaintiff paid the teacher for her services the sum of three hundred dollars per annum, and furnished her board and lodging during the continuance of the school. That no other school was ever kept in this house, and it has been unoccupied for four years, and ever since the close of the school. That plaintiff has offered to rent it for a common school, but the school directors have never applied to rent it of him for that purpose.

The County Court held that the property was subject to taxation, from which decision plaintiff appealed to the Circuit Court of Jefferson county, when, upon a trial of the case, that court affirmed the judgment of the County Court, and plaintiff prosecutes this writ of error to reverse that judgment.

It will be proper to refer to the provisions of the revenue laws in force at the time this property was listed, to determine whether it was exempt from taxation. The 3rd section of the revenue act of the 12th of February, 1853, Scates' Stat. p. 1029, provides, "That all property described in this section, to the extent herein limited, shall be exempt from taxation; that is to say, 1st, All lands donated for school purposes, not sold or leased. All public school-houses, and houses used exclusively for public worship, the books and furniture therein, and the grounds attached to such building necessary for the proper occupancy, use and enjoyment of the same, and not leased or otherwise used with a view to profit."

Then to bring this property within the exemption of this enactment, it must have been either donated for school purposes, or a public school-house. It was not contended that the acts of plaintiff amounted to a donation of the property for school

purposes, nor does anything he did' imply such an intention. He at no time conveyed or even proposed to convey it to the directors or other school officers. And the fact that he offers to rent it, rebuts the presumption of any such intention. And it shows that he desires to derive a revenue from this property, which of itself is a strong reason why it should be held liable to taxation.

Then was it a public school-house? To constitute it such, it must be property under the immediate control of the school directors. They should hold it in such a manner that they can use it at all times for the use of public schools, independent of the will or action of other persons. They should hold it either in fee or by such other estate as would give them the right to possess and control it at all times for the use of the district. The fact that it may have been once used by them for the purposes of a public school, does not of itself give it the character of a public school-house after it ceases to be so used. This is private property, under the exclusive control of the owner, and may at any time he chooses be converted to any purpose he may deem proper, and the school directors would have no pretense of a right to object. They have not the remotest interest in the property, and before they can have, they must acquire it by purchase or donation from the owner. They occupy to this property the same relation, as directors, that they do to any other private property. It may become a public school-house by purchase or lease, and so may any other property when procured for the purpose.

Notwithstanding the plaintiff has acted with a liberality in advancing the cause of education that is highly commendable, it does not, as we think, bring this property within the exemption of the statute.

The judgment of the Circuit Court should therefore be affirmed.

*Judgment affirmed.*