## COOK COUNTY

*v.*

## THE CITY OF CHICAGO.

*Filed at Ottawa May 12, 1882—Rehearing denied September Term, 1882.*

1. TAXATION *of property of counties—assessment of water tax.* The constitutional provision that the property of counties may be exempted from taxation by general law, permits the implication that in the absence of any law exempting the same, such property is liable to taxation. Therefore, in the absence of any law exempting county property, a water tax may be assessed against the same by a city.

2. WATER TAX—*exemption in favor of charitable and educational institutions—construction of an ordinance.* An ordinance of the city of Chicago provides, "that the commissioner of public works be and he is hereby authorized and empowered to remit and rebate the water tax or rates assessed against property used and occupied wholly for charitable and educational purposes:" *Held*, that the ordinance is not imperative that the commissioner shall remit or rebate the rates in any case, but leaves him to the exercise of his discretion in that respect.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOHN A. JAMESON, Judge, presiding.

This was a bill filed by Cook county against the City of Chicago, to obtain an injunction against the city to restrain it from cutting off the supply of water furnished by it to the Cook county hospital, situated in the city of Chicago. The Superior Court of Cook county, in which the bill was filed, sustained a demurrer thereto, and dismissed the bill. On appeal to the Appellate Court for the First District the decree was affirmed, and the case is brought here on writ of error.

The bill shows that the county of Cook, under its legislative authority to support paupers, has erected within the limits of the city of Chicago a hospital, and pays $72,000 per year for its support, from taxes levied by its board of commissioners; that on September 22, 1879, the city council of Chicago passed the following ordinance: "That the commissioner of public works be and he is hereby authorized and empowered to remit and rebate the water tax or rates assessed against property used and occupied wholly for charitable and educational purposes. Said commissioner may require any or all applications for rebates and for remission of said water tax or rates to be verified by the affidavit of one or more tax-payers." That water rates or assessments were levied by the city of Chicago against Cook county for water furnished to the county hospital, by ordinances passed under the city charter, amounting to the sum of $2383.70, for the period from November 18, 1879, to March 18, 1881, the bill being filed May 15, 1881.; that the State Eye and Ear Infirmary and twenty-four private hospitals, including all in Chicago, except the Cook county hospital, are in fact exempted by the city from water taxes under the ordinance aforesaid. The bill sets out ordinances of the city which in a summary way cut off the supply of water for failure to pay water taxes, and a notice by the proper officer of the city that it would cut off the water; that such notice had been given, and that the city, by its officers and agents, threatens to shut off the water of said hospital

for the non-payment of water rates and taxes, which act would cause an irreparable injury to Cook county, and would endanger the lives of the sick who are inmates of the hospital. The bill charges that said water taxes are not due from Cook county to the city of Chicago, because under the facts stated in the bill, and under said ordinance, said hospital and property are exempt from water taxes, because a public charity; that the city of Chicago had power to exempt the property aforesaid from the payment of water rates, and that it did so exempt it by the passage of the said ordinance of September 22, 1879, and that no water rates are due against said property.

Mr. CONSIDER H. WILLETT, for the appellant:

The Cook county hospital is a charitable institution, although patients therein are charged for treatment, it being in no sense an institution for profit to the county. See 14 Allen, 539; 109 Mass. 558.

The power of the city to compromise water rates confers upon it the power to pass this ordinance. *Town of Petersburg* v. *Mappin*, 14 Ill. 194; *Fitzgerald* v. *Harms,* 92 id. 372.

The city can not levy water taxes against county property, *i. e.* tax governmental agencies of the State. Public lands of the United States are not liable to taxation. *Witherspoon* v. *Duncan*, 4 Wall. 210; *How* v. *Dowling*, 18 Cal. 619; *People* v. *United States*, 93 Ill. 30. So of Indian lands. *Tellove* v. *Denniston*, 23 N. Y. 20. Nor are such lands liable to a special assessment. *Fagan* v. *Chicago*, 84 Ill. 233.

In *City of Chicago* v. *The People*, 80 Ill. 384, it was held that the city could not tax school lands though the title was received by the foreclosing a mortgage, and the land was not used for school purposes. Lands of the Illinois Industrial University belong to the State, and are exempt from taxation.

*Board of Trustees Illinois Industrial University* v. *Champaign County*, 76 Ill. 184.

A city can not levy a special assessment against its own property. *Taylor* v. *People*, 66 Ill. 322.

The ordinance exempts property used as a charity from water taxes, and this hospital being a public charity, is clearly within the exemption.

Mr. FRANCIS ADAMS, for the appellee:

The ordinance does not purport to exempt any property from water rates, but merely to authorize the rebate in the cases specified. Even though the council had the power to exempt property from water assessments, it could not delegate that power to a mere executive officer. Such power can not be delegated. *City of East St. Louis* v. *Wehrung*, 50 Ill. 28; *Kinmundy* v. *Mahan et al.* 72 id. 462.

The ordinance is not imperative that the commissioner shall remit or rebate the rates in any case. This is left to his judgment and discretion, and the exercise of a discretionary power can not be compelled by *mandamus*. Dillon on Mun. Corp. (3d ed.) sec. 832; *Walton* v. *Develling et al.* 61 Ill. 201; *People* v. *Board of Supervisors*, 84 id. 303; *County of St. Clair* v. *People*, 85 id. 396.

It appears from the bill that the county hospital is not a wholly charitable institution. Appellant, therefore, is not entitled to a rebate, not being within the terms of the ordinance, which must be strictly construed. *Methodist Episcopal Church* v. *City of Chicago*, 26 Ill. 482; *Northwestern University* v. *The People*, 80 id. 335.

The ordinance is *ultra vires* and void. The rates, when levied, become a debt due the city, and the city is prohibited from releasing debts. Municipal Incorporation law, sec. 172.

The city can not rebate taxes legally levied. *Sherlock* v. *Village of Winnetka*, 68 Ill. 534.

Mr. Justice Sheldon delivered the opinion of the Court:

We do not perceive, as the bill avers, that the ordinance of September 22, 1879, does exempt the county hospital from the payment of water taxes.    It does not profess to exempt any property from water rates or assessments, but merely to authorize the rebate, in the cases specified, of water rates already levied.    The ordinance is not imperative that the commissioner shall remit or rebate the rates in any case, but he is only authorized and empowered to do so.    It seems to us·that the ordinance merely purports to authorize the commissioner to remit or rebate such water rates, leaving the exercise of the power to his judgment and discretion.    The city council seems to construe the ordinance differently from appellant, by refusing its application for a rebate.    The bill sets forth that on "September 20, 1880, an order was presented in the city council of Chicago that the county hospital be furnished with water free of charge, which order was at said date referred by said council to the committee on fire and water, which committee, November 8, 1880, reported back said order of said council, with the recommendation that it should not 'pass, which report was concurred in. December 27, 1880, a resolution was presented in said council by one of its members to furnish water free to said hospital, which resolution was referred to the committee on fire and water, who have made no report, and the council has taken no action."    This action of the city council shows its own understanding to be, that said ordinance of September 22, 1879, did not in itself exempt the county hospital from the payment of the water tax.

It is urged that the city has no power to levy water taxes against county property,—to tax governmental agencies of the State.    The constitution provides that the property of counties may be exempted from taxation, but such exemption to be only by general law.    This is an implication that in

the absence of any law exempting it, such property would be liable to taxation. Not finding there to be any law exempting it, we can not say the city could not assess the water tax or rates it did against the property in question.

The judgment of the Appellate Court must be affirmed.

*Judgment affirmed.*