## In the matter of CHARLES P. SWIGERT, Auditor of Public Accounts.

*Filed at Ottawa November 11, 1887.*

1. TAXATION—*exemption—presumption—rule of construction.* The intention of the State to bind itself by an exemption of property from taxation, must be clear, as all presumptions are against it. Exemptions from taxation will be construed strictly, and can not be made, by judicial construction, to embrace other subjects than those plainly expressed.

2. SAME—*property claimed to be exempt, characterized by its ownership and use.* Where the law describes property entitled to exemption from taxation, by reference to the character of its ownership and the nature of the use to which it is put, the property claimed to be exempt must be owned and used in the manner specified in the law.

3. SAME—*as to property of municipal corporation—toll-bridges.* All property of municipal corporations is subject to taxation, unless there is a law clearly exempting it.

4. There is no law of this State exempting from taxation toll-bridges belonging to a city, town or village outside the corporate limits.

This is an original proceeding, commenced in this court by Charles P. Swigert, Auditor of Public Accounts, to have the decision and order of the county board of Rock Island county, holding certain property of the city of Moline not exempt from taxation, confirmed by this court.

Mr. George Hunt, Attorney General, for the Auditor:

The constitution does not exempt any property from taxation, but only permits the General Assembly to exempt certain property. Const. art. 9, sec. 3.

The General Assembly had power, within the constitution, to pass an act exempting from taxation all property of cities and villages, but has not exercised the power.

Where exemptions are claimed, they must be clear and unequivocal, and all doubts are to be solved in favor of the State, and against exemption. The intention of the State to bind itself by an exemption must be clear, as all presumptions are against it. Cooley on Taxation, 54; *Seminary* v. *People*, 101 Ill. 578; *Crawford* v. *Burrell*, 53 Pa. St. 219; *People* v. *Seaman's Friend Society*, 87 Ill. 246; *In re Swigert*, 119 id. 83; Burroughs on Taxation, 132.

It has been uniformly held by this court, that where the law, in exempting property from taxation, specifies both the ownership and use to which it is put, as descriptive of the property, unless the ownership and use of the property whose liability to taxation may be in dispute do unite in the manner specified in the law, then the property is not exempt. So where a school house was used for school purposes, but was owned by an individual, and not by the public, it was held liable to taxation. *Pace* v. *Commissioners*, 20 Ill. 464. See, also, *People* v. *Seaman's Friend Society*, 87 Ill. 246.

And so as to a church. (*People ex rel.* v. *Anderson*, 117 Ill. 50.) So where the ownership is within the terms of the exemption, but the use is not. *Theological Seminary* v. *People*, 101 Ill. 578; *Monticello Seminary* v. *People*, 106 id. 398.

While the act incorporating the Illinois Central Railroad Company purports to exempt all its property from taxation, yet the court has construed that to mean all property owned by it for the purposes for which it was incorporated. *Railroad Co.* v. *Irwin,* 72 Ill. 452; *In re Swigert,* 119 id. 83; *Railroad Co.* v. *People ex rel.* id. 137.

Where property is claimed to be exempt from taxation, the burden is upon the one claiming the exemption to produce the proof showing the property to be exempt. *Railroad Co.* v. *People ex rel.* 119 Ill. 137.

Mr. WILLIAM A. MEESE, for the city of Moline:

The clause of the constitution requiring that every person and corporation shall pay a tax, etc., has reference only to private corporations. *People* v. *Salomon,* 51 Ill. 37; *People* v. *McCreery,* 34 Cal. 432; *People* v. *Doe,* 36 id. 220; *People* v. *Austin,* 47 id. 353.

Taxes are a charge levied by the sovereign power upon the property of its subjects,—not a charge upon its own property. There is always a presumption against the intention of a State to tax its municipal corporations. *United States* v. *Railroad Co.* 17 Wall. 332.

Public property is never subject to taxation. *Directors of Poor* v. *School Directors,* 42 Pa. 21; *Gibson* v. *Howe,* 37 Iowa,' 168.

Public property can not be considered a source of revenue to be derived by the exercise of the taxing power. *Worcester* v. *Railroad Co.* 4 Metc. 564; *Wayland* v. *Commissioners,* 4 Gray, (Mass.) 500; *Worcester* v. *Worcester,* 116 Mass. 193.

Mr. JUSTICE MAGRUDER delivered the opinion of the Court:

The city of Moline, located in Moline township in Rock Island county, owns a bridge over Rock river, which is the dividing line between the two townships of South Moline and Coal Valley in Rock Island county. The city originally acquired the bridge by purchase and collects tolls from persons

using it. The bridge is located in the township of South Moline at a point a mile and a half south of the city and entirely outside of the city limits. It is upon a public road leading to the city, and toll is charged and received by the city for horses and wagons and cattle crossing the bridge. It has recently been rebuilt by the city and is kept in repair by the city. The road running from said city of Moline in Moline township, through the township of South Moline, is under the control of the commissioners of highways of South Moline township and is kept in repair by them.

The bridge was assessed for taxation by the assessor of South Moline township for the year 1887. The city of Moline, by its attorney, appeared before the county board of Rock Island county, at its July session, 1887, and asked to have the assessment abated, upon the ground that the bridge was owned by the city and was not liable to taxation. The board refused the petition. The city appealed from the decision of the board, and the case was certified to the Auditor, who brings it to this court under the provisions of section 97 of the Revenue Code.

The only question presented for our consideration is, whether or not the bridge is subject to taxation.

Section 3 of article 9 of the constitution of 1870 provides as follows: "The property of the State, counties and *other municipal corporations*, both real and personal, and such other property as may be used exclusively for agricultural and horticultural societies, for school, religious, cemetery and charitable purposes, *may be exempted from taxation; but such exemption shall be only by general law.*"

This language of the constitution plainly implies, that the property of municipal corporations is subject to taxation, unless there is a law exempting it. *Cook County* v. *City of Chicago*, 103 Ill. 646.

Section 3 of article 9 of the constitution of 1848 provided, that "the property of the State and counties, both real and personal, and such other property as the General Assembly

may deem necessary for school, religious and charitable purposes, may be exempted from taxation." It was held, in a case that came before this court while the constitution of 1848 was in force, that the assessment of public taxes, or special assessments for public improvements, upon the public property of the State, county or municipal corporations, was a mere question of policy, that the power existed to make it bear its share of the one or the other, and that it might be exempted from the one and subjected to the other. *Higgins* v. *City of Chicago*, 18 Ill. 276.

The question then arises whether or not there is any law in this State exempting from taxation a toll-bridge, owned and operated by a city for its own benefit, and located beyond the limits of such city, and in an adjoining town. We can find no such statute and have not been referred to such an one.

Section 2 of the Revenue Code exempts from taxation:

"*Sixth*—All property belonging to any county, town, village or city, used exclusively for the maintenance of the poor. * * * All public buildings belonging to any county, township, city or incorporated town, with the ground on which such buildings are erected, not exceeding ten acres.

"*Eighth*—All fire engines and other implements used for the extinguishment of fires, with the building used exclusively for the safe keeping thereof, and the lot, of reasonable size, on which the building is located, when belonging to any city, village or town.

"*Ninth*—All market houses, public squares or other public grounds used exclusively for public purposes. All works, machinery and fixtures belonging exclusively to any town, village or city, and used exclusively for conveying water to such town, village or city."

The exemptions here specified do not include such a bridge as that belonging to the city of Moline.

The intention of a State to bind itself by an exemption must be clear, as all presumptions are against it. (Cooley on Taxa-

tion, 54.) The right to levy and collect taxes is necessary to the existence and support of government. Such right will not be presumed to have been surrendered except by clear words. Its surrender will not be extended by implication. Exemptions from the burdens of taxation are to be construed strictly, and can not be made, by judicial construction, to embrace other subjects than those plainly expressed in the act. *People v. Seaman's Friend Society,* 87 Ill. 246.

By the language employed in section 2 of the Revenue act, as above quoted, the legislature designates particular classes of property, which shall be exempt from taxation, and limits the classes of property, so designated, to specific uses, thereby showing that it was not the legislative intent to exempt all property of every kind and character belonging to cities and villages. The bridge in question does not belong to any one of the classes of property exempted from taxation by the Revenue act, nor can it be used for any of the purposes for which property mentioned in that act must be used in order to be exempt. Where a law describes property, entitled to exemption from taxation, by reference to the character of its ownership and the nature of the use, to which it is put, the property claimed to be exempt must be owned and used in the manner specified in the law. *Pace v. County Commissioners,* 20 Ill. 644; *People v. Seaman's Friend Society, supra; People v. Anderson,* 117 Ill. 50; *Theological Seminary v. People,* 101 id. 578; *Monticello Seminary v. People,* 106 id. 398.

Whether the legislature of this State has the power to exempt a toll-bridge, owned by a city and situated outside of the city limits, from the burdens of taxation or not, it has not yet seen fit to pass an act granting such exemption. We are, therefore, of opinion that the bridge in question was properly assessed for taxation by the assessor of the town of South Moline.

The decision of the county board of Rock Island county is affirmed.

*Decision affirmed.*