## THE SANITARY DISTRICT OF CHICAGO

*v.*

## JOHN J. HANBERG, County Collector.

*Opinion filed April 18, 1907.*

1. TAXES—*mere fact that property is owned by municipal corporation does not exempt it.* Property owned by a municipal corporation is not exempt from taxation unless it comes clearly within some provision of the general law creating such exemption.

2. SAME—*statutes exempting property from taxation are strictly construed.* Statutes exempting property from taxation are to be strictly construed and will be held to apply only to property clearly within their terms.

3. SAME—*when property of sanitary district is exempt.* Lands within a sanitary district included within the channel and right of way and devoted exclusively to the purpose of drainage and carrying off the sewage of the district are exempt from taxation.

4. SAME—*what property of a sanitary district is not exempt.* Water power and property of a sanitary district located outside of the district are subject to taxation where located, as is also property within the district not used exclusively for public purposes.

5. SAME—*sanitary district should inform assessor what property is devoted to public purposes.* The fact that land of a sanitary district, a part of which is used for public purposes and a part leased to private persons, is assessed and taxed as one tract does not invalidate the whole tax where it does not appear the tax may not be

apportioned, since it is the duty of the district, if it desires to claim an exemption, to inform the assessor what part of its property is devoted exclusively to public purposes.

6. SAME—*how judgment for taxes against lands of sanitary district should be entered.* A judgment for taxes on lands of a sanitary district should be entered against the lands and not against the district, and should be in substantial conformity with the. statute, except that the order of sale should be omitted.

WRIT OF ERROR to the County Court of Cook county; the Hon. DWIGHT C. HAVEN, Judge, presiding.

ERASMUS C. LINDLEY, and JOHN C. WILLIAMS, for plaintiff in error :

The lands described in the objections of the sanitary district, lying along and forming a part of the main channel and of the Chicago river, are public grounds and are exempt from taxation. *Winters* v. *Duluth,* 82 Minn. 127; *Giffen* v. *Lewiston,* 55 Pac. Rep. 545; *Commonwealth* v. *Connellsville Borough,* 201 Pa. 154; 21 Am. & Eng. Ency. of Law, 1014; Cooley on Taxation, (2d ed.) 172; Beach on Public Corp. sec. 1445; Abbott on Mun. Corp. 716; *People* v. *Salomon,* 51 Ill. 37; *New Orleans Gas Co.* v. *Drainage Com.* 197 U. S. 460.

An assessment against property as a whole, any part of which is exempt, is void. *Lyman* v. *People,* 2 Ill. App. 289; *Drake* v. *Ogden,* 128 Ill. 603; *Santa Clara Co.* v. *Railway Co.* 118 U. S. 394.

The court erred in entering judgment against the sanitary district. *People* v. *Dragstran,* 100 Ill. 286; *People* v. *Hoover,* 171 id. 185; Hurd's Stat. chap. 120, sec. 191.

HARRY A. LEWIS, County Attorney, and WILLIAM F. STRUCKMANN, for defendant in error:

All property of municipal corporations, except such as is exempt by general law, is subject to assessment for purposes of general taxation. There is no law exempting land acquired and held by the Sanitary District of Chicago. Const.

226—31

art. 9, secs. 1, 3; Rev. Stat. chap. 120, secs. 1, 2; *Cook County* v. *Chicago,* 103 Ill. 646; *In re Swigert,* 119 id. 83, and 123 id. 167; *People* v. *Chicago,* 124 id. 636; *Sanitary District* v. *Martin,* 173 id. 243.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The county court of Cook county overruled objections of the Sanitary District of Chicago to the application of the county collector of said county for judgment against various tracts of land situated within the limits of said district for unpaid general taxes, and rendered judgment against the same. The writ of error in this case was sued out to review that judgment.

The ground of objection to the taxes was, that the lands in question were public grounds, used exclusively for public purposes, and therefore exempt from taxation. The application for judgment included taxes which became a lien prior to the time that the sanitary district acquired title to the lands, and upon the hearing it was conceded that there was no valid objection to those taxes, and the judgment, so far as it relates to them, is not questioned. A considerable part of the lands taxed were acquired for the purpose of widening and deepening the channel of the Chicago river, a navigable stream, and such lands are now principally under the waters of the river. The remainder of the lands are included in the right of way and channel of the district. The principal question is, whether such lands which are used exclusively for drainage purposes and are not leased to private individuals are subject to taxation.

The constitution authorizes the legislature to exempt the property of municipal corporations from taxation provided such exemption shall be by general law, and the only general law affecting this case is the provision of the statute exempting from taxation "all market houses, public squares or other public grounds used exclusively for public purposes."

The sanitary district is a municipal corporation, (*People v. Nelson*, 133 Ill. 565,) but the mere fact that property is owned by a municipal corporation does not exempt it from taxation. The provision of the constitution plainly implies that property so owned is subject to taxation unless there is some law exempting it. (*Cook County v. City of Chicago*, 103 Ill. 646; *In re Swigert*, 123 id. 267.) It is also the rule that statutes exempting property from taxation are to be construed strictly, and that property claimed to be exempt must clearly appear to be within the terms of the statute. Under these rules we held in the case of *Sanitary District of Chicago v. Martin*, 173 Ill. 243, that lands of the sanitary district included in its channel or right of way outside of the district are not exempt from general taxes. The lands in that case were situated in Will county, and were not regarded as used exclusively for public purposes for the reason that the channel of the district and its uses were solely for the benefit of the inhabitants of the district. The public outside of the district have no right to use the drain or channel for sewage, and that part of the channel is a mere conduit for carrying off the sewage from the drainage district. The only beneficial use of the public in that part of the channel is a mere easement of passage over the water for the purpose of navigation. It was therefore held that the authorities of Will county could lawfully levy taxes upon said lands.

It cannot be denied that the drainage to be provided by the drainage district and the disposition of the sewage of the district is a public purpose of the highest character, involving the health and welfare of the inhabitants of the district, and that the general public within the district are entitled to the use of the channel therein and the benefits derived from it. The channel was made and is being maintained by taxation of the inhabitants of the district, which could only be done for a public purpose, and undoubtedly they may compel the performance of the powers conferred upon the trustees to provide for the drainage of the district

by constructing and maintaining channels, drains and outlets for sewage. We do not regard it as essential that the public use should embrace the people of the whole State, but, on the contrary, many uses are exclusively public in their nature and involve no private right or interest, which are limited in area or in the persons benefited by the use. It does not seem that a purpose would cease to be public on the mere ground that the benefits are confined to the inhabitants of a particular municipality. The use of the lands in question is public in the same sense as the use of market houses and public squares, and we think that the lands within the district included within the channel and right of way and devoted exclusively to the purpose of drainage and carrying off the sewage of the district are exempt from taxation.

The statute under which the district is organized, in addition to the public purpose contemplated, authorizes it to engage in business as a commercial corporation, and to make and establish docks; to lease, manage and control the same; to control and dispose of water power created by the channel; to construct dams, water wheels and other works, and to convert the power thereby created into electrical energy, to be disposed of to municipal corporations or any other person or corporation. It was stipulated on the hearing that the district has proceeded to exercise such power and to develop water power at Lockport, in Will county, by which it intends to create electrical energy and to dispose of the same to municipalities. That water power and property is located outside of the sanitary district, and under the decision in *Sanitary District of Chicago* v. *Martin, supra,* is subject to taxation where located. It does not appear that any of the property involved in this case is used or to be used for any such purpose.

The district has leased part of its lands to private individuals, and such lands, not being used for public purposes, are subject to taxation. In some cases lands were assessed and taxed parts of which were so leased while the

other parts were exempt.   It is therefore contended that the whole tax was void.   Where legal and illegal taxes are blended so as to be incapable of separation the entire levy will be avoided.   But we do not regard that rule as applicable to this case.   The exemption does not extend to all property of the municipal corporation, but it is a qualified exemption of such portions of the property as are used exclusively for public purposes.   The exemption is to be construed strictly against the right claimed, and where the sanitary district owns a single tract of land which has been assessed as a whole and leases a part of it, it is not unreasonable that the district should make known to the assessing officers what portion is used exclusively for the public purpose.   The district may use its property either for public or private purposes, and it would not be reasonable to require assessing officers to examine its leases for the purpose of determining exactly what portion is exempt from taxation.   Moreover, it does not appear from the record that there may not be an apportionment of the tax as between the part of the tract leased to individuals and the part used for the public purpose.

In two cases the property of the sanitary district was taxed jointly with property owned by other persons and the other owners paid their proportionate share of the taxes, but, as we understand it, the portion owned by the district is now under the waters of the Chicago river and is not subject to taxation, so that we are not concerned with any question of apportionment in those cases.

The judgment is against the sanitary district, and in that respect is erroneous.   It should be against the lands and lots in substantial conformity with the statute, omitting, however, the order for sale.

The judgment is reversed and the cause remanded, with directions to enter a judgment in accordance with the views herein expressed.     *Reversed and remanded.*