THE NUTWOOD DRAINAGE AND LEVEE DISTRICT, Appel-
lant, *vs.* THE BOARD OF REVIEW OF JERSEY COUNTY,
Appellee.

*Opinion filed October 26, 1912.*

1. TAXES—*what personal property of a drainage district is not
exempt from taxation.* Personal property of a drainage district,
consisting of a steam boiler, engine and machinery located in the
district and used to carry on the business of the district, is not ex-
empt from taxation under paragraph 9 of section 2 of the Revenue
act, relating to the exemption from taxation of property of cities,
towns and villages.

2. DRAINAGE—*a district may provide for taxes in annual levy
for maintenance.* A drainage district may provide for the pay-
ment of taxes on the personal property of the district by including
the required amount in the annual levy made for the maintenance
of the district.

AUDITOR's certificate of appeal to review the decision
of the board of review of Jersey county.

CHARLES S. WHITE, for appellant.

W. H. STEAD, Attorney General, W. J. CHAPMAN,
State's Attorney, and W. EDGAR SAMPSON, for appellee.

Mr. JUSTICE ·COOKE delivered the opinion of the court:

The appellant, the Nutwood Drainage and Levee Dis-
trict, filed objections with the board of review of Jersey
county, claiming as exempt from taxation a steam boiler,
engine and machinery located within the boundaries of the
drainage district and used in carrying on the business of

the district, the articles being essential parts of the pumping plant. The board of review overruled the objections of appellant and assessed the property for taxation. The appellant appealed from this decision, and the Auditor of Public Accounts has certified the cause to this court under the statute.

Appellant's chief contention is that under paragraph 9 of section 2 of the Revenue act this property is exempt from taxation. While it contends that it is a municipal corporation and that the property should be exempt from taxation by reason of its public use, it concedes that the property of municipal corporations is not exempt from taxation unless it has been specifically exempted by general law. It insists that the reasonable interpretation of said paragraph 9, in view of the fact that property constructed by special assessment must be for public use, makes this property exempt. By said paragraph 9 it is provided that "all market houses, public squares or other public grounds used exclusively for public purposes; all works, machinery and fixtures belonging exclusively to any town, village or city, used exclusively for conveying water to such town, village or city," shall be exempt from taxation. In discussing the law applicable to this question in *Sanitary District* v. *Hanberg,* 226 Ill. 480, it is said, on page 483: "The sanitary district is a municipal corporation, (*People* v. *Nelson,* 133 Ill. 565,) but the mere fact that property is owned by a municipal corporation does not exempt it from taxation. The provision of the constitution plainly implies that property so owned is subject to taxation unless there is some law exempting it. (*Cook County* v. *City of Chicago,* 103 Ill. 646; *In re Swigert,* 123 id. 267.) It is also the rule that statutes exempting property from taxation are to be construed strictly, and that property claimed to be exempt must clearly appear to be within the terms of the statute." It must be evident that the personal property sought to be exempted from taxation by this proceeding is not included

within the term "market houses" or "public squares." As it is personal property it cannot be said to be "other public grounds used exclusively for public purposes;" nor could it be contended that it is included within the phrase "all works, machinery and fixtures belonging exclusively to any town, village or city, used exclusively for conveying water to such town, village or city." This character of property is not included in the exemption provided by law and is therefore subject to taxation.

Appellant contends that the taxation of this property would result in the violation of section 1 of article 9 of the constitution, and points out that this is the same class of property as pumping plants connected with the waterworks of other municipalities,—cities, villages and towns,—which are exempted by the statute. If, as appellant contends, the same class of property as is here involved is exempted from taxation by this statute, it might furnish the basis for an argument against the validity of the law exempting such property but would afford no ground for an argument to sustain the position of appellant that its property also should be exempted.

It is finally contended on the part of appellant that this property is exempt from taxation for the reason that the appellant is without power to raise or expend money for the purpose of paying the tax. The power to levy assessments for the payment of this tax is necessarily implied in the statute authorizing the creation of the district, and it will not be necessary, as appellant suggests, that a special levy be made each year for the payment of this tax, as it may be included within the annual levy made for the maintenance of the district.

The decision of the board of review is sustained.

*Decision sustained.*