(No. 13347.—Decree affirmed.)

THE SANITARY DISTRICT OF CHICAGO, Appellant, *vs.* HARRY R. GIBBONS, County Collector, Appellee.

*Opinion filed June 16, 1920.*

1. SANITARY DISTRICTS—*lands outside territorial limits of Sanitary District of Chicago are not exempt from taxation as public grounds.* Lands outside the territorial limits of the Sanitary District of Chicago, included in the rights of way of its channels, are not exempt from taxation as public grounds. (*Sanitary District* v. *Martin,* 173 Ill. 243, followed.)

2. TAXES—*property of municipality is subject to taxation unless there is a law exempting it.* The assessment of taxes upon public property of the State, county or municipal corporations is a mere question of policy, and the language of the constitution plainly implies that the property of municipal corporations is subject to taxation unless there is a law exempting it.

3. SAME—*exemption statutes are to be strictly construed.* Statutes exempting property from taxation are to be strictly construed, and courts will not hold property to be exempt unless it clearly appears to be within the terms of such a statute.

4. SAME—*sanitary district desiring property to be listed separately must furnish proper description before assessment.* Where a sanitary district desires to have land listed separately as belonging to the State and therefore exempt from taxation, it should furnish a proper description of the land to the proper officials before the assessment is made, with the request that the land be listed separately.

APPEAL from the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding.

C. ARCH WILLIAMS, and WALTER E. BEEBE, (WILLIAM E. HELANDER, of counsel,) for appellant.

MACLAY HOYNE, State's Attorney, W. W. DEARMOND, and JOHN W. McCARTHY, (HAYDEN N. BELL, of counsel,) for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

Appellant, the Sanitary District of Chicago, sought by this bill, filed in the superior court of Cook county, to restrain the collection of real estate taxes for the year 1918

on certain parcels of land included in the right of way of
the Calumet Sag channel, the right of way of the main
channel, the bed of the main channel and certain Desplaines
river lots, all of said real estate being in Cook county but
outside the territorial limits of the sanitary district. Other
taxes were involved in the bill not necessary to be here con-
sidered. After a hearing the trial court entered a decree
dismissing the bill as to said taxes, and from that decree
an appeal has been prayed to this court by the district.

In an elaborate brief counsel for the sanitary district
have argued that the real estate in question should be ex-
empted because it is "public ground used exclusively for
public purposes;" that the sanitary district is a municipal
corporation, (*People* v. *Nelson,* 133 Ill. 565; *Wilson* v.
*Board of Trustees,* 133 id. 443;) and was organized pri-
marily for the purpose of keeping the sewage and waste of
Chicago out of Lake Michigan, and was therefore organized
for a public purpose of the greatest importance. (*City of
Chicago* v. *Green,* 238 Ill. 258; *Judge* v. *Bergman,* 258 id.
246.) This court has held in *Sanitary District* v. *Martin,*
173 Ill. 243, that the right of way of the main drainage
channel of the sanitary district outside of the territorial lim-
its of said district is not "public grounds" as that phrase is
used in section 2 of the Revenue act of this State. This
doctrine was approved by this court in *Sanitary District* v.
*Hanberg,* 226 Ill. 480, but it was further held in this last
case that the lands within the limits of the sanitary dis-
trict, including the channel and right of way to be devoted
exclusively to the purpose of draining and carrying off the
sewage, was exempt from taxation. The doctrine in these
cases was approved again by this court in *Sanitary District*
v. *Gifford,* 257 Ill. 424, and in *Sanitary District* v. *Young,*
285 id. 351. This is conceded by counsel for appellant in
this case, but they argue that the conclusion heretofore
reached by this court on the question of taxing the right
of way of the main channel of the sanitary district out-

side of the territorial limits of the district is so contrary to the general trend of authorities in other jurisdictions that they are again presenting this question to this court with the suggestion that this court may in its wisdom be disposed "to modify its former rulings as to the land in the main channel outside of the confines of the sanitary district." In view of these former holdings of this court, which practically cover all the principal grounds urged by counsel for appellant, it would be sufficient, in our judgment, simply to re-affirm the conclusions reached in those cases without entering into any discussion of the principles involved, but in view of the earnest and comprehensive argument of counsel for appellant we have decided to refer again briefly to the principles involved.

Counsel for appellant argue that the weight of authority in this country is in favor of the proposition that all land owned by a municipal corporation and used in furtherance of its organic purposes is exempt from taxation whether such land is within or without its territorial limits, and they have cited numerous authorities in other jurisdictions which tend to support their argument in this regard. This court in the first case discussing this question (*Sanitary District* v. *Martin, supra,*) conceded that in other jurisdictions the rulings might be different from the conclusion reached in that case as to the property in question being subject to taxation, but held that it has been the rule in this State from its earliest history that the assessment of taxes upon public property of State, county or municipal corporations was a mere question of policy and that the power existed to make it bear its share. It is clear from the reasoning of Judge Cooley in his authoritative work on Taxation (vol. 1, 3d ed. p. 263,) that the rule in most jurisdictions is that it is purely a question of public policy whether the public property of municipalities shall be exempt. It is also stated in *Sanitary District* v. *Martin, supra,* that whatever may be the law in other States, the language of the constitution

of this State plainly implies that the property of municipal corporations is subject to taxation unless there is a law exempting it; that statutes exempting property from taxation are to be strictly construed, and that property claimed to be exempt must clearly appear to be within the terms of the statute, otherwise the courts will not hold it exempt from taxation. The court in that case discussed at considerable length the very principles of our constitution and revenue laws now relied on in the extended brief of counsel for appellant as showing that this property should be exempt, and held said property not to be exempt under our constitution and statutes. These conclusions in that case have been adhered to in the later cases, particularly *Sanitary District* v. *Hanberg, supra,* and *Sanitary District* v. *Young, supra.* In the case of *Sanitary District* v. *Hanberg, supra,* the court laid down the rule (p. 483) that "the public outside of the district have no right to use the drain or channel for sewage, and that part of the channel is a mere conduit for carrying off the sewage from the drainage district. The only beneficial use of the public in that part of the channel is a mere easement of passage over the water for the purpose of navigation. It was therefore held that the authorities of Will county could lawfully levy taxes upon said lands." The same rule was applied in *Sanitary District* v. *Young, supra.* This reasoning fully disposes of and answers the argument of counsel for appellant "that the Calumet Sag channel right of way, including the channel itself, are public grounds used for public purposes; that the Calumet channel not only carries through the towns of Worth, Palos and Lemont sewage and drainage of the Calumet region, * * * but it furnishes suitable and complete drainage, such as never before was enjoyed, for 100 square miles of territory adjacent to * * * said territory." In reaching this conclusion we are not unmindful of the argument of counsel for appellant that the term "public purpose," as used in the Revenue law, should be

given a broader meaning than it was given by this court in *Sanitary District* v. *Hanberg, supra.*

It appears also from the record that the old canal or ditch known as the "Calumet feeder" has been included in the right of way of the new Sag channel, a part of it being within the bed of the channel itself, and it is claimed by appellant that the land upon which the Calumet feeder was located belongs to the State of Illinois under section 2 of the act of 1903, (Hurd's Stat. 1917, p. 427,) and therefore is exempt from taxation as still belonging to the State. It is obvious that the exact amount of this land upon which the old Calumet feeder was located is not shown by the record. If appellant desired to have the land upon which the original Calumet feeder was located listed separately and treated differently for taxation purposes from the other land contained in the main right of way of the Calumet Sag (sanitary district) channel it should have furnished a proper description of the land upon which the Calumet feeder was located to the proper officials before the assessment was made, with the request that it be listed separately. *Sanitary District* v. *Gifford, supra.*

We have given the questions presented by counsel the consideration that we deem the importance of the principles involved required, and have reached the conclusion that there is no reason why the holdings of this court in the former decisions already cited should be modified in any particular with reference to the right of way of the Calumet Sag channel or the main drainage channel or the other real estate involved.

It necessarily follows that the decree of the superior court should be affirmed.      *Decree affirmed.*